IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Brief August 4, 2010

## JEROME DEGANS v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Hickman County**
**No. 09-218C     James G. Martin, III, Chancelor**

---

**No. M2009-01820-COA-R3-CV - Filed August 5, 2010**

---

This appeal involves an inmate's efforts to obtain judicial review of a prison disciplinary board decision.  After the trial court determined that the inmate's petition for *writ of certiorari* was time barred by Tenn. Code Ann. § 27-9-102 (2000), the inmate filed both a notice of appeal and a letter requesting "another chance."  Because the trial court ordered the letter sent to the appellee for a response but has not yet ruled on the relief sought in the letter, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ, joined.

Jerome Degans, Wartburg, Tennessee, Pro Se

Robert E. Cooper, Jr., Attorney General and Reporter, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**[1]

On July 13, 2009, Jerome Degans, an inmate in the custody of the Tennessee Department of Correction, filed a petition for common law *writ of certiorari* in the Chancery Court for Hickman County seeking reversal of a prison disciplinary board decision.  On July

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

21, 2009, the trial court entered an order holding that " the filing is not sufficiently formatted as required by statute and that more than 60 days have passed, and therefore, the petition is time barred as per T.C.A. 27-9-102." The order neither explicitly dismissed the petition nor taxed the costs.

On August 12, 2009, Mr. Degans filed a letter stating that he was "disappointed" with the trial court's ruling and requesting "another chance." On August 24, 2009, the trial court entered an order directing that the letter be sent to the Attorney General's Office for a response. However, no such response has been filed, and no further orders have been entered. Mr. Degans filed his notice of appeal on August 25, 2009.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The finality of the trial court's July 21, 2009 order is questionable because it does not explicitly dismiss the petition and because it does not tax the costs. More importantly, however, the trial court appears to have treated Mr. Degans's August 12, 2009 letter as a Tenn. R. App. P. 59 post-judgment motion. By requesting a response from the Attorney General, the order suggests at the very least that the trial court anticipated further proceedings on the matter. Accordingly, we conclude that the trial court has not yet resolved all the claims between the parties and that the appeal must be dismissed.

Mr. Degans's appeal is dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion and the entry of a final order. Should a new appeal be filed, the clerk of this court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. The costs of the appeal are taxed to Jerome Degans.

PER CURIAM